## MERRITT E. STID v. EDWARD LIEBERMAN.

Decided February 24, 1926.

**Trespass—Cutting Timber Without Legal Right—Plaintiff and His Predecessor in Occupation Had Been in Possession for More Than Twenty Years—Action for Trespass is a Possessory Action—Jury Found no Contract for the Cutting of Timber—Value of Timber, Though Not Very Satisfactorily Determined, it Cannot be Said That the Evidence Did Not Support an Award.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Jay B. Tomlinson.*

*Contra, James Mercer Davis.*

PER CURIAM.

This was an action for trespass. The plaintiff's case was that the defendant came upon his land, and, without legal right, cut down and took away standing timber upon two separate tracts, described in the case as the triangular tract and the locust timber tract. The jury found a verdict in his favor, awarding him as damages $80 for the cutting and taking away of the timber on the triangular tract and $500 for the cutting and taking away of the timber on the other tract.

We are asked to set aside the verdict, so far as it awarded damages for the cutting of timber on the triangular tract, for the reason that there was no proof of ownership thereof in the plaintiff. There was evidence that he and his predecessor in occupation had been in possession of that land for much more than twenty years, and that raises a presumption of title by adverse possession in the plaintiff. But

proof of ownership by the plaintiff was not a necessary element in determining his right to recover damages for the unlawful act of the defendant. An action of trespass to land is a possessory action, and the party in possession is entitled to recover for injury done to the freehold to the extent of that injury unless the defendant shows something in mitigation of damages. *Todd* v. *Jackson*, 26 *N. J. L.* 525, 538; *Lehigh, &c., Railway Co.* v. *Antalics*, 81 *Id.* 686.

It is further argued that, so far as the timber on the locust tract was concerned, the defendant was authorized to cut it under a contract entered into between him and the plaintiff. Whether this was so or not was a question of fact, to be resolved by the jury, and we cannot say that its finding in this respect was contrary to the weight of the evidence.

Lastly, it is argued that there was no proof in the case to justify the award of the jury with relation to the value of the timber on either of these tracts, because such value was left in complete uncertainty by the testimony. Although the evidence was not very satisfactory, we cannot say that it did not support the award.

The rule to show cause will be discharged.